**BLACK HOTEL COMPANY, a corporation, Owned in Trust by the Liberty National Bank and Trust Company of Oklahoma City, Oklahoma, Trustee of the Willie S. Wright Trust, Plaintiff,**

v.

**Robert F. FROEHLKE, Secretary of the Army of the United States, et al., Defendants.**

**Civ. No. 72–377.**

United States District Court,
W. D. Oklahoma,
Civil Division.

Sept. 11, 1972.

Merton M. Bulla, Kent S. Johnson, Oklahoma City, Okl., for plaintiff.

William R. Burkett, James M. Peters, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiff alleges that it was the successful bidder on a procurement contract let by the Defendants to provide meals and lodging to U. S. Armed Forces applicants and enlistees for the Armed Forces Examining and Entrance Station in Oklahoma City, Oklahoma. The last contract obtained by Plaintiff was for the year 1971–72 and has expired. After some initial difficulties, Plaintiff was allowed to submit a bid on the 1972–1973 contract, which bid was declared to be the low bid. Plaintiff states that the contract was never awarded and that the Defendants entered into an informal agreement with a competitor, a higher bidder on the contract in question, for provision of the services contemplated by the contract. Thereafter, Plaintiff was advised that the bid invitation was cancelled due to substantial changes in the contract specifications.

Plaintiff filed this action for declaratory judgment seeking relief thereunder and asserting jurisdiction under 28 U.S. C.A. §§ 1346, 1391(e) and 5 U.S.C.A. § 702. Defendants move for dismissal of Plaintiff's Complaint on the grounds of sovereign immunity, lack of standing to sue, lack of legal interest and nonreviewability of the Defendants' actions by reason of such actions having been committed by law to agency discretion.

The Defendants being representatives of the United States Army, the Court finds that this action is against an agency of the United States and against an agency within the meaning of the Administrative Procedure Act. 5 U.S.C.A. § 701(b). With re-

spect to judicial review of the actions of a government agency, the Act provides:

"A person suffering legal wrong . . . or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C.A. § 702.

It appears to the Court that to state a cause of action under these statutes, Plaintiff must allege the following essential elements: (1) The existence of a legal wrong or grievance within the meaning of a relevant statute and (2) Agency action causing such legal wrong or grievance.

The most basic concept of law is that a legal wrong contemplates the existence of a duty, a breach thereof and damage proximately flowing therefrom. It is therefore necessary to determine whether Defendants owed Plaintiff any duty with respect to the bidding procedure in question.

■ Procurement by the Armed Forces is governed by 10 U.S.C.A. § 2301 et seq. These statutory provisions are applicable to the type of contract involved here. 10 U.S.C.A. § 2303(a). Bidding procedures are governed by regulations of the Secretary of the Army, 10 U.S.C.A. § 2381(a)(1), but within certain limits described in 10 U.S.C.A. § 2305. 32 C.F.R. § 2.404-1(a) implements 10 U.S.C.A. § 2381(a)(1) with the following language:

"The preservation of the integrity of the competitive bid system dictates that after bids have been opened, award must be made to that responsible bidder who submitted the lowest responsible bid, unless there is a compelling reason to reject all bids and cancel the invitation."

This regulation, implementing 10 U.S. C.A. § 2305(c), imposes a clear duty on the contracting officer of the government to award the contract to the lowest responsible bidder. This duty is particularly owed such bidder; it is not for the specific benefit of any other person. Thus, there existed a duty on the part of the Defendants which was owed to Plaintiff in this case. Allegedly, this duty was breached by Defendants and Plaintiff claims damage as a result of not being awarded the contract. The Court therefore concludes that Plaintiff has alleged the existence of a legal wrong as that term is used in 5 U.S.C.A. § 702 and within the meaning of a statute relevant thereto, 10 U.S.C.A. § 2305(c), as implemented by 32 C.F.R. § 2.404-1(a).[1]

The judicial review authorized by 5 U.S.C.A. § 702, is, however, limited by the provisions of 5 U.S.C.A. § 701(a):

"This chapter [of the Administrative Procedure Act] applies, according to the provisions thereof, except to the extent that—(1) statutes preclude judicial review or (2) agency action is committed to agency discretion by law."

Defendants do not cite any statute which would preclude judicial review herein. Rather, they claim that the subject matter of this action is committed to agency discretion by law and refer to 10 U.S.C.A. § 2305(c) in support of this claim. Plaintiff concedes that the subject matter of this action is within agency discretion and contends that Defendants abused the discretion conferred upon them by law, thus opening the way for judicial review under the provisions of 5 U.S.C.A. § 706(2)(A). This statute provides:

". . . The reviewing court shall — . . . (2) hold unlawful and

---

1. In this conclusion, the Court does not reach the limit stated in Scanwell Laboratories, Inc. v. Shaffer, 137 U.S.App. D.C. 371, 424 F.2d 859 (1970):

"[I]n spite of the fact that the Supreme Court has not yet chosen to hold that the Administrative Procedure Act applies to all situations in which a party who is in fact aggrieved seeks review, regardless of a lack of legal right or specific statutory language, it is clearly the intent of that Act that this should to the case." 424 F.2d 859 at p. 872.

set aside agency action, findings, and conclusions found to be—(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; . . ."

To support the claimed abuse of discretion, Plaintiff alleges that Defendants have no intention of allowing Plaintiff to have this contract, that the specifications are being revised so as to exclude Plaintiff from competition and that Defendants have delayed action on the contract in order to permit a competitor to perform the contemplated services on an informal basis.

Such allegations, if true, show actions on the part of the Defendants which would tend to undermine the purpose of the competitive bid system which Defendants' Regulations are designed to effectuate. In plain language, by keeping the contract in limbo, competition by Plaintiff or any other eligible bidder is indefinitely foreclosed. Such a situation, if true, could be a clear abuse of the discretion reposed in Defendants.

Whether abuse of discretion as alleged by Plaintiff exists cannot be determined on this Motion; it would be error to do so. See Overseas Media Corporation v. McNamara, 128 U.S.App.D.C. 48, 385 F.2d 308, at pp. 314–316 (1967). Plaintiff is entitled to support its allegations of abuse of discretion with evidence, for otherwise the provisions of 5 U.S.C.A. § 706(2)(A) would be meaningless.

Having determined that the Court has been granted the power of judicial review in the case plead by Plaintiff, the questions of sovereign immunity and standing to sue are eliminated from the case. Scanwell Laboratories, Inc. v. Shaffer, 137 U.S.App.D.C. 371, 424 F.2d 859 (1970).

Defendants' Motion to Dismiss is overruled and Defendants are directed to answer Plaintiff's Complaint within twenty (20) days of the date hereof.